1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD SANDERS,

11              Petitioner,                    No. 2:10-cv-0992 MCE DAD P

12        vs.

13   GARY SWARTHOUT, Warden, et al.,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board

18   of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing

19   held on October 1, 2009, claiming that the Board's decision violated the Ex Post Facto Clause

20   and his right to due process.  The matter has been fully briefed by the parties and is submitted for

21   decision.  Upon careful consideration of the record and the applicable law, the undersigned will

22   recommend that petitioner's application for habeas corpus relief be denied on his due process

23   claim and that his Ex Post Facto claim be dismissed without prejudice.

24   I.  Procedural Background

25            Petitioner is confined pursuant to a 1991 judgment of conviction entered against

26   him in the Alameda County Superior Court following his conviction on a charge of second

1

1   degree murder with use of a firearm.  (Doc. 1 at 1.)  Pursuant to that conviction, petitioner was

2   sentenced to fifteen years to life in state prison, plus a stayed two year state prison sentence for

3   the firearm enhancement.  (Id.; Doc. 1-2 at 51-52.)

4            The parole consideration hearing that is placed at issue by the instant federal

5   habeas petition was held on October 1, 2009.  (Doc. 1-2 at 49.)  Petitioner appeared at and

6   participated in the hearing.  (Id. at 51, et seq.)  Following deliberations held at the conclusion of

7   the hearing, the Board panel announced their decision to deny petitioner parole for three years

8   and the reasons for that decision.  (Id. at 116-25.)

9            Petitioner challenged the Board's 2009 decision in a petition for writ of habeas

10  corpus filed in the Alameda County Superior Court.  (Answer, Ex. 1.)  Therein, petitioner

11  claimed that the Board's decision to deny him parole for three years violated the Ex Post Facto

12  Clause of the United States Constitution and his right to due process.  (Id.)  That court denied the

13  petition in a decision addressing the merits of petitioner's claims.  (Answer, Ex. 2.)  Petitioner

14  subsequently challenged the Board's 2009 decision in a petition for writ of habeas corpus filed in

15  the California Court of Appeal for the First Appellate District.  (Answer, Ex. 3.)  That petition

16  was summarily denied.  (Answer, Ex. 4.)  Petitioner subsequently filed a petition for review in

17  the California Supreme Court.  (Answer, Ex. 5.)  That petition was also summarily denied.

18  (Answer, Ex. 6.)

19            On April 26, 2010, petitioner filed his federal application for habeas relief in this

20  court.

21  II.  Standards of Review Applicable to Habeas Corpus Claims

22            An application for a writ of habeas corpus by a person in custody under a

23  judgment of a state court can be granted only for violations of the Constitution or laws of the

24  United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

25  interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct.

26  /////

1   13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146,

2   1149 (9th Cir. 2000).

3           Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

4   habeas corpus relief:

5           An application for a writ of habeas corpus on behalf of a
    person in custody pursuant to the judgment of a State court shall

6       not be granted with respect to any claim that was adjudicated on
    the merits in State court proceedings unless the adjudication of the

7       claim -

8           (1) resulted in a decision that was contrary to, or involved
    an unreasonable application of, clearly established Federal law, as

9       determined by the Supreme Court of the United States; or

10          (2) resulted in a decision that was based on an unreasonable
    determination of the facts in light of the evidence presented in the

11      State court proceeding.

12          For purposes of applying § 2254(d)(1), "clearly established federal law" consists

13  of holdings of the United States Supreme Court at the time of the state court decision.  Stanley v.

14  Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

15  (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

16  clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at

17  859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

18          A state court decision is "contrary to" clearly established federal law if it applies a

19  rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

20  Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640

21  (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

22  grant the writ if the state court identifies the correct governing legal principle from the Supreme

23  Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]

24  _____

25      [1]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be
overturned on factual grounds unless it is "objectively unreasonable in light of the evidence

26  presented in the state court proceeding."  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)
(quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

3

Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S.___, ___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

banc).  "When a federal claim has been presented to a state court and the state court has denied

relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at

784-85.  This presumption may be overcome by a showing "there is reason to think some other

explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker,

501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

no reasoning to support its conclusion, a federal habeas court independently reviews the record to

determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860;

Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is

not de novo review of the constitutional issue, but rather, the only method by which we can

determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at

853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

"showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct.

at 784.

　　　　　When it is clear, however, that a state court has not reached the merits of a

petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v.

Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

2003).

III.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

　　　　　The Due Process Clause of the Fourteenth Amendment prohibits state action that

deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

due process violation must first demonstrate that he was deprived of a liberty or property interest

protected by the Due Process Clause and then show that the procedures attendant upon the

deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

490 U.S. 454, 459-60 (1989).

1     A protected liberty interest may arise from either the Due Process Clause of the

2     United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

3     expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,

4     221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States

5     Constitution does not, of its own force, create a protected liberty interest in a parole date, even

6     one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

7     Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

8     person to be conditionally released before the expiration of a valid sentence."). However, a

9     state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

10    will be granted" when or unless certain designated findings are made, and thereby gives rise to a

11    constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

12         California's parole scheme gives rise to a liberty interest in parole protected by the

13    federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

14    Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

15    Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

16    this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

17    F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

18    California law creates a liberty interest in parole.") In California, a prisoner is entitled to release

19    on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,

20    44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

21         In Swarthout, the Supreme Court reviewed two cases in which California

22    prisoners were denied parole - in one case by the Board, and in the other by the Governor after

23    the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that

24    when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

25    requires fair procedures, "and federal courts will review the application of those constitutionally

26    required procedures." Id. at 862. The Court concluded that in the parole context, however, "the

6

1   procedures required are minimal" and that the "Constitution does not require more" than "an

2   opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

3   Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

4   decisions that went beyond these minimal procedural requirements and "reviewed the state

5   courts' decisions on the merits and concluded that they had unreasonably determined the facts in

6   light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

7   the application of the "some evidence" standard to parole decisions by the California courts as a

8   component of the federal due process standard.  Id. at 862-63.  See also Pearson, 639 F.3d at

9   1191.[2]

10  IV.  Petitioner's Claims

11       A.  Due Process

12          Petitioner seeks federal habeas relief on the grounds that the Board's 2009

13  decision to deny him parole, and the findings upon which that denial was based, were not

14  supported by "some evidence" as required under California law.  (Doc. 1 at 6-7; Doc. 1-1 at 6-

15  13.)  However, under the Supreme Court's decision in Swarthout this court may not review

16  whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S.

17  Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d

18  711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context

19  of parole eligibility decisions the due process right is procedural, and entitles a prisoner to

20  nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]");

21  Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in Swarthout,

22

23          [2]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
    parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
    rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1   California's parole scheme creates no substantive due process rights and any procedural due

2   process requirement is met as long as the state provides an inmate seeking parole with an

3   opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639

4   F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process

5   Clause for denial parole under the California system, it made clear that the Clause's requirements

6   were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

7   the evidence against them, were afforded access to their records in advance, and were notified as

8   to the reasons why parole was denied.'")

9          The federal habeas petition pending before the court in this case reflects that

10  petitioner was represented by counsel at his 2009 parole suitability hearing.  (Doc. 1-2 at 49.)  As

11  noted above, the record also establishes that at that hearing petitioner was given the opportunity

12  to be heard and received a statement of the reasons why parole was denied by the Board panel.

13  That is all the process that was due petitioner under the Constitution.  Swarthout, 131 S. Ct. 862;

14  see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 640 F.3d 1191.  It

15  now plainly appears that petitioner is not entitled to relief with respect to his due process claim.

16  Accordingly, the pending petition should be denied with respect to petitioner's due process

17  claim.

18          B.  Ex Post Facto Violation

19          Petitioner's next claim for relief is that application of the provisions of California

20  Proposition 9, also known as Marsy's Law, at his 2009 parole hearing violated the Ex Post Facto

21  Clause of the United States Constitution because it increased the deferral period for his next

22  parole suitability hearing and resulted in his serving a longer prison sentence.  (Doc. 1 at 6, 7-8,

23  Doc. 1-1 at 2-5.)  As discussed below, the undersigned finds this claim must be dismissed

24  because petitioner is a member of the class in Gilman v. Fisher, No. CIV S-05-830 LKK GGH

25  (Gilman), a class action lawsuit which addresses this issue.

26  /////

8

1    　　　　　The Constitution provides that "No State shall . . . pass any . . . ex post facto

2    Law." U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States

3    Constitution if it:  (1) punishes as criminal an act that was not criminal when it was committed;

4    (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a

5    person of a defense available at the time the crime was committed.  Collins v. Youngblood, 497

6    U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the

7    definition of crimes or increase the punishment for criminal acts."  Himes v. Thompson, 336

8    F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)).

9    See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is

10   also violated if:  (1) state regulations have been applied retroactively; and (2) the new regulations

11   have created a "sufficient risk" of increasing the punishment attached to the crimes.  Himes, 336

12   F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post

13   facto only if there exists a "significant risk" that such application will increase the punishment

14   for the crime.  See Garner v. Jones, 529 U.S. 244, 259 (2000).

15   　　　　　Petitioner was convicted and sentenced to fifteen years to life in prison in 1991,

16   seventeen years prior to the passage of Marsy's Law in November 2008.  Marsy's Law amended

17   California law governing parole deferral periods.  See Gilman v. Davis, 690 F. Supp.2d 1105,

18   1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction enjoining

19   enforcement of Marsy's Law, to the extent it amended former California Penal Code §

20   3041.5(b)(2)(A)), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011).

21   Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings

22   with respect to indeterminately-sentenced inmates for one year unless the Board determined it

23   was unreasonable to expect that parole could be granted the following year.  If that determination

24   was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to

25   five years.  See Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law, which applied to petitioner

26   at the time of his 2009 parole suitability hearing, amended § 3041.5(b)(2) to impose a minimum

9

1   deferral period for subsequent parole suitability hearings of three years, and to authorize the

2   Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years.  Id. §

3   3041.5(b)(3) (2010).

4            One of the claims presented by the plaintiffs in the class action Gilman case is that

5   the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law

6   violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant

7   risk of increasing the measure of punishment attached to the original crime."  (Gilman, Doc. No.

8   154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order

9   granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With

10  respect to this Ex Post Facto claim, the class in Gilman is comprised of "all California state

11  prisoners who have been sentenced to a life term with possibility of parole for an offense that

12  occurred before November 4, 2008."  (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending

13  definition of class.))  The Gilman plaintiffs seek declaratory and injunctive relief, including a

14  permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted

15  by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for

16  each member of the class.  (Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint)

17  at 14.)

18            In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal

19  Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the

20  suit.  Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the Gilman class,

21  the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2)

22  that "the party opposing the class has acted or refused to act on grounds that apply generally to

23  the class, so that final injunctive relief or corresponding declaratory relief is appropriate

24  respecting the class as a whole."  (See Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class

25  pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals

26  Memorandum affirming district court's order certifying class.))  According to the district court in

1    <u>Gilman</u>, the members of the class "may not maintain a separate, individual suit for equitable

2    relief involving the same subject matter of the class action." (<u>Gilman</u>, Doc. No. 296 (Dec.10,

3    2010 Order) at 2; <u>see also</u> Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010

4    Order), Doc. No. 274 (Sept. 23, 2010 Order.))  There is no evidence before the court at this time

5    in this habeas action suggesting that petitioner has requested permission to opt out of the <u>Gilman</u>

6    class action lawsuit.

7              Rather, petitioner alleges he is a California state prisoner who was sentenced to a

8    life term in state prison with the possibility of parole for an offense that occurred before

9    November 4, 2008.  (Pet. at 1.)  Accepting petitioner's allegations as true, he is a member of the

10   <u>Gilman</u> class.  Similar to the plaintiffs in <u>Gilman</u>, petitioner in this habeas action alleges that

11   Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a

12   risk of increasing the length of his punishment.  Petitioner asks this court to issue a writ of

13   habeas corpus.  However, even if the court found that the Board's 2009 three-year deferral of

14   petitioner's next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle

15   petitioner to release on parole.  Because his Ex Post Facto claim concerns only the timing of

16   petitioner's next parole suitability hearing, success on that claim would not necessarily result in

17   determinations that petitioner is suitable for release from custody on parole.  Rather, petitioner's

18   equitable relief would be limited to an order directing the Board to conduct a new parole

19   suitability hearing and enjoining the Board from enforcing against petitioner any provisions of

20   Marsy's Law found to be unconstitutional.  This is the same relief petitioner would be entitled to

21   as a member of the pending <u>Gilman</u> class action.  (See <u>Gilman</u>, Doc. No. 154–1 (Fourth

22   Amended/Supplemental Complaint) at 14.)

23              Therefore, it appears clear that petitioner's rights will be fully protected by his

24   participation as a class member in the <u>Gilman</u> case.  Accordingly, the court recommends that

25   petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed

26   without prejudice to any relief that may be available to him as a member of the <u>Gilman</u> class.

1   See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its

2   jurisdiction when another court having jurisdiction over the same matter has entertained it and

3   can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)

4   ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison

5   conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,

6   858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly

7   administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board,

8   No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012)

9   (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without

10  prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and

11  recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

12  V.  Conclusion

13          Accordingly, IT IS HEREBY RECOMMENDED that:

14          1.  Federal habeas relief be denied as to petitioner's due process claim; and

15          2.  Petitioner's claim that his rights under the Ex Post Facto Clause were violated

16  by the Board's 2009 decision to defer his next parole consideration hearing for a period of three

17  years be dismissed without prejudice to any relief that may be available to petitioner as a member

18  of the class in Gilman v. Fisher, 05-0830 LKK GGH P.

19          These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24  shall be served and filed within fourteen days after service of the objections.  Failure to file

25  objections within the specified time may waive the right to appeal the District Court's order.

26  /////

1   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

2   1991).

3           In any objections he elects to file, petitioner may address whether a certificate of

4   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

5   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

6   certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

7   Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

8   appealability to review the denial of a habeas petition challenging an administrative decision

9   such as the denial of parole by the parole board).

10  DATED: October 3, 2012.

11

12                                          _____

13                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

14  DAD:8:
    sanders992.hc

15

16

17

18

19

20

21

22

23

24

25

26